**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 1, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE JESUS PARRA-LOPEZ, a/k/a
Arturo Arceo Parra, a/k/a Jose Jesus
Parra Lopez, a/k/a Jose Jesus Parra,
a/k/a Jose Jesus Pavra, a/k/a Jesus
Parra, a/k/a Jesus Parra-Lopez,

    Defendant - Appellant.

No. 19-5093
(D.C. No. 4:19-CR-00064-GKF-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Jose Jesus Parra-Lopez pleaded guilty to one count of unlawful reentry of a removed alien, in violation of 8 U.S.C. § 1326(a) and (b)(1). The district court sentenced Parra-Lopez to a sixty-three month term of imprisonment. Upon Parra-Lopez's request, counsel filed a notice of appeal. Counsel has, however, filed in this court a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting she could find no meritorious basis for appeal and moving to withdraw as counsel. For those reasons set out below, this court **grants** counsel's motion to withdraw and **dismisses** this appeal.

Parra-Lopez was charged by indictment in the United States District Court for the Northern District of Oklahoma with unlawful reentry. 8 U.S.C. § 1326.[1] Aided by an interpreter, he waived his trial rights and entered an unconditional

---

[1]Parra-Lopez is a citizen and national of Mexico with a lengthy history of immigration violations. He illegally entered the United States in 1994 and was granted voluntary removal in 1997. He reentered the United States in 1998 and was ordered removed in 2002. Parra-Lopez continued to illegally return to the United States and was removed in both March and May of 2006. In November 2006, he was convicted of Felony Fleeing to Elude in Florida and was sentenced to forty-two months' imprisonment. Upon release from prison, he was removed in 2009. Parra-Lopez reentered the United States in October 2010 without permission; he was removed in August 2013, after being convicted of being an Alien in the United States After Deportation. He illegally reentered the United States in June 2014; he was removed in July 2016 after being convicted of illegal reentry. Parra-Lopez again returned in August 2018. On January 29, 2019, he was arrested in Tulsa, Oklahoma, for Driving Under the Influence of Alcohol; he was convicted of a misdemeanor.

guilty plea to the illegal-reentry charge.[2]  A United States Probation Officer

prepared a Presentence Investigation Report ("PSR") utilizing the 2018 version of

the United States Sentencing Guidelines.  The PSR concluded Parra-Lopez's total

offense level was seventeen.[3]  The PSR further concluded Parra-Lopez had

thirteen criminal history points, resulting in a criminal history category of VI.

U.S.S.G. ch.5 pt. A (Sentencing Table).  A total offense level of seventeen,

---

[2]During the pretrial hearing in which Parra-Lopez indicated an intention to enter a guilty plea, he expressed reservations about his court-appointed attorney. Those reservations centered around Parra-Lopez's concern that counsel's early estimations of the likely advisory guidelines range was significantly longer than previous illegal-reentry sentences imposed upon him.  Ultimately, however, after significant on-the-record discussions, Parra-Lopez withdrew his request for the appointment of replacement counsel and elected to proceed with a guilty plea. This sentencing-guidelines matter was also extensively discussed at the change of plea hearing.  Parra-Lopez again expressed surprise that his estimated total offense level was significantly greater than in prior illegal-reentry convictions. Defense counsel, the district court, and the probation officer discussed the matter in open court, noting the likelihood of a more severe sentence appeared to be occasioned by changes to the relevant guidelines and Parra-Lopez's increased criminal history.  At the conclusion of the extensive hearing, Parra-Lopez entered a guilty plea.

[3]The base offense level for a violation of § 1326(a) is eight.  U.S.S.G. § 2Ll.2.  Four offense levels were added because Parra-Lopez committed the instant offense after previously being convicted of a felony illegal-reentry offense.  *Id.* § 2L1.2(b)(1).  An additional eight offense levels were added because after Parra-Lopez was ordered removed from the United States for the first time, he returned to the United States and engaged in criminal conduct that resulted in a felony conviction for which the sentence imposed was at least two years.  *Id.* § 2Ll.2(b)(3)(B); *see also supra* n.1 (describing Parra-Lopez's Florida felony-eluding conviction).  Three offense levels were subtracted because of Parra-Lopez's acceptance of responsibility, *id.* § 3E1.1(a), (b), resulting in a total offense level of seventeen.

coupled with a criminal history category of VI, resulted in an advisory sentencing range of fifty-one to sixty-three months' imprisonment.

Following issuance of the PSR, defense counsel filed a motion for a downward variance. The motion argued Parra-Lopez's "entire criminal history is a series of DUIs and illegal reentry cases," and explained that the illegal reentry convictions resulted from his desire "to live with his family and work to support them in a safer environment with greater opportunity." As to the DUI convictions, the motion asserted they could be explained, though not minimized, by cultural norms and health considerations relating to Parra-Lopez's experiences as a youth in a part of rural Mexico without safe drinking water. Notably, this motion made clear that Parra-Lopez did not have any objections to any aspect of the PSR. For its part, the government moved the district court to "vary upward to an adjusted base offense level of 22 and impose a sentence of 105 months of imprisonment." According to the government, Parra-Lopez's "unrepentant recidivism in illegally re-entering, his extensive history of committing alcohol-related crimes, and his demonstrated propensity to continue doing both, all justify an upward variance as proper § 3553(a) factors."

Shortly before the scheduled sentencing hearing, Parra-Lopez's counsel filed a motion to withdraw. Counsel represented that he and Parra-Lopez were no longer able to communicate effectively and asserted it was in Parra-Lopez's "best

-4-

interest to have alternate counsel appointed to represent him." The district court then took the matter up at the scheduled sentencing hearing. As was the case at the hearings regarding Parra-Lopez's intent to enter a guilty plea, *see supra* n.2, the asserted breakdown in communications centered around Parra-Lopez's perception that the advisory guidelines range was unduly harsh when compared to the previous sentences he received for illegally reentering the United States. The district court granted counsel's motion to withdraw, appointed alternate counsel, and continued the sentencing hearing for two months to allow alternate counsel "to file whatever that attorney believes [was] in [Parra-Lopez's] best interest."

Alternate counsel filed a sentencing memorandum responding to the government's request for an upward variance and offering additional justifications for a downward variant sentence. The sentencing memorandum asserted Parra-Lopez's criminal history category of VI overstated his criminal history because it was based in part on a felony conviction for driving under a suspended license. The memorandum noted that in only six states, none of which are in the Tenth Circuit, could such a conviction amount to a felony. Alternate counsel's sentencing memorandum also argued that some of Parra-Lopez's convictions that factored into his criminal history category of VI also served to drastically increase his total offense level. The sentencing memorandum "implore[d] the [district] court to consider that both the offense level and the

criminal history is enhanced by the same factors when considering sentencing."

Importantly, however, the sentencing memorandum made clear Parra-Lopez did not object to the accuracy of the PSR or to its determination that Parra-Lopez's advisory sentencing range was fifty-one to sixty-three months' imprisonment.

At the sentencing hearing, the district court heard statements from counsel, Parra-Lopez, and the government. Thereafter, the district court accurately summarized the parties' sentencing-related arguments as set forth in their various filings. The district court concluded, based on the parties' oral and written arguments, that no factors existed separating Parra-Lopez from the heartland of similarly-situated defendants so as to justify either an upward or downward variance. Having concluded a sentence within the advisory sentencing range was appropriate, the district court sentenced Parra-Lopez as follows:

> The court recognizes that the United States Sentencing Guidelines are advisory and are not mandatory but has considered the sentencing guidelines, along with all of the factors set forth in Title 18 United States Code section 3553(a), to reach an appropriate and reasonable sentence in this case. In determining a sentence, this court has considered the nature of the offense and the defendant's criminal history and his personal characteristics.

> This case involved the defendant returning to the United States after being ordered removed on six prior occasions. The defendant also has one voluntary departure preceding the aforementioned removals. The defendant is a 41-year-old father of three children. His criminal history is serious and includes six prior convictions for driving under the influence and a conviction for public intoxication. The instant offense is his third federal felony immigration conviction.

Based on these factors, a sentence at the high end of the advisory guideline range will serve as an adequate deterrent to this defendant, as well as others, promote respect for the law, provide just punishment for the offense, and provide protection for the public.

Pursuant to sentencing guideline Section 5D1.1, comment at note 5, the court finds that a term of supervised release is warranted in order to provide an added measure of deterrence and protection based upon the defendant's history of habitual re-entries and the serious nature of the defendant's history of repeated instances of driving under the influence of alcohol. Sentencing disparities among defendants were considered in determining an appropriate sentence in this case. And restitution is not a factor.

Mr. Parra-Lopez, if you'll please rise. In accordance with applicable law, this court hereby imposes the following sentence:

It is the order and judgment of this court that the defendant, Jose Jesus Parra-Lopez, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 63 months. . . .

This appeal is before the court on counsel's *Anders* brief. Pursuant to *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Counsel is required to submit an appellate brief "indicating any potential appealable issues based on the record." *Id.* Once notified of counsel's brief, the defendant may then submit additional arguments to this court. *Id.* We "must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *Id.* Parra-Lopez filed a brief in response to his counsel's

*Anders* brief.[4]  The government declined to file a brief.  Thus, our resolution of the case is based on counsel's *Anders* brief, Parra-Lopez's response, and this court's independent review of the record.  That independent review demonstrates any potential issue that would be raised on appeal is wholly frivolous.

Counsel asserts she has conscientiously reviewed the record in this case and cannot assert a non-frivolous basis to challenge either the validity of Parra-Lopez's guilty plea or the propriety of his sentence.  Counsel claims the district court did not fully comply with the dictates of Fed. R. Crim. P. 11(b)(1)(M) in accepting Parra-Lopez's guilty plea.  This rule requires district courts, before accepting a guilty plea, to make sure a defendant understands the following: "in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a)."

It is far from clear counsel is correct in asserting the district court did not comply with Rule 11(b)(1)(M).  The district court did discuss at length the

---

[4]This court notes for the record that Parra-Lopez's response brief was filed in Spanish.  This court has, however, obtained an English translation of the response.  In her motion to withdraw, counsel attested that she sent two letters to Parra-Lopez fully explaining the substance of her *Anders* brief, Parra-Lopez's right to respond, and the possibility the *Anders* brief could result in dismissal of the appeal.  *See* Tenth Cir. R. 46.4(b)(1).

importance of the sentencing guidelines.  *See supra* n.2.  The district court also

informed Parra-Lopez his sentence would "be determined by a combination of the

advisory sentencing guidelines, possible departures from the sentencing

guidelines, and other statutory sentencing factors."  The district court then asked

Parra-Lopez whether he had talked to counsel "about how the sentencing

guidelines might apply in your case?"  Parra-Lopez responded to this question in

the affirmative.  This court ultimately need not resolve whether this aspect of the

plea colloquy complies with Rule 11(b)(1)(M), however, because Parra-Lopez is

not entitled to relief in any event.

Because Parra-Lopez did not object to this asserted error, he is only entitled

to relief if he carries the heavy burden of demonstrating plain error.[5]  In this

context, an appellant's substantial rights are affected only if he can "show a

reasonable probability that, but for the error, he would not have entered the plea."

*United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).  As counsel correctly

notes, there is absolutely no indication in the record that Parra-Lopez would have

abandoned his guilty plea and gone to trial if the district court had more fully

---

[5]"This court reviews alleged violations of Rule 11(b) that were not objected to in the district court under the exacting plain error standard." *United States v. Carillo*, 860 F.3d 1293, 1300 (10th Cir. 2017).  "To satisfy the plain error standard, an appellant must show (1) an error; (2) the error is plain or obvious; (3) the error affects the appellant's substantial rights (i.e., the error was prejudicial and affected the outcome of the proceedings); and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

discussed the relevance of guidelines departures and the § 3553(a) factors during the plea colloquy. Instead, the record refutes this possibility. Parra-Lopez entered his guilty plea without the benefit of a plea agreement. Even when initial estimates indicated an advisory guidelines range substantially higher than he expected, Parra-Lopez maintained his determination to plead guilty. And, even on appeal, Parra-Lopez does not indicate a desire to withdraw his guilty plea. Thus, on the record before this court, counsel is correct that any argument the district court's failure to fully comply with Rule 11(b)(1)(M) affected Parra-Lopez's substantial rights would be frivolous.[6]

Counsel is likewise correct in recognizing there exists no non-frivolous basis for arguing that Parra-Lopez's sentence is procedurally unreasonable.

---

[6]Likewise, it cannot be reasonably argued that Parra-Lopez's guilty plea was not knowingly, and voluntarily entered. Through an interpreter, Parra-Lopez confirmed he was not under the influence of medication or alcohol and had no medical history of mental illness. Parra-Lopez was informed of all of his trial rights and attested to his understanding that he would give up those rights if he pleaded guilty. The district court went through the range of punishment and fines with Parra-Lopez. The parties discussed at length the particular guidelines sentencing factors which could drastically increase Parra-Lopez's advisory guidelines range. The district court walked through all elements of the charged crime and Parra-Lopez confirmed he "returned illegally to the United States." Finally, the district court found, as a matter of fact, that Parra-Lopez was "fully competent and . . . capable of entering an informed plea, that he [was] aware of the nature of the charge and the consequences of his plea, and that his plea of guilty [was] a knowing and voluntary plea." Additionally, the district court concluded Parra-Lopez's guilty plea was "supported by an independent basis in fact containing each of the essential elements of the offense."

Procedural reasonableness encompasses "whether the district court incorrectly calculated or failed to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008). This court's independent examination of the record demonstrates absolutely no reason to doubt the district court correctly calculated the advisory guidelines range[7] or considered the appropriate § 3553(a) factors and, as recited above, the district court thoroughly explained its sentencing decision. In arriving at that sentence, the court took into account the guideline calculations in the PSR and addressed the parties' respective motions for upward and downward variances.

---

[7]To the extent Parra-Lopez's response to counsel's *Anders* brief could be read as an attack on the accuracy of the advisory guidelines range set out in the PSR, any such argument is frivolous. Furthermore, his bare assertion, unsupported by any reference to the record or any supporting materials, that the recitation of his history of removals set out in the PSR is inaccurate necessarily fails to show error, let alone clear error, on the part of the district court in formulating his sentence. Finally, to the extent Parra-Lopez's response could be read to assert the district court erred in failing to vary downward because the illegal-reentry guideline is, as a categorical matter, unduly harsh, that argument is also frivolous. *United States v. Wilken*, 498 F.3d 1160, 1172 (10th Cir. 2007) (holding that a sentence is not unreasonable merely because a district court refuses "to deviate from the advisory guidelines range based on disagreements with the policies underlying a particular Guideline provision" (quotation omitted)).

Nor could it be reasonably argued that the sentence imposed by the district court is substantively unreasonable. On substantive reasonableness review, a sentence within or below the applicable guideline range is presumed reasonable. *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011). To rebut the presumption, a defendant must demonstrate the sentence is unreasonable in light of the sentencing factors in § 3553(a). *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). Parra-Lopez has not carried that burden. The length of his sentence is driven by his unrelenting recidivism, both with respect to illegally reentering the United States and as to his driving while intoxicated. In light of that history, the district court's decision that a within-guidelines sentence was necessary to satisfy the sentencing factors set out in § 3553(a) is eminently reasonable. *See United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009) ("[A] district court's sentence is substantially unreasonable only if it is arbitrary, capricious, whimsical, or manifestly unreasonable." (quotation omitted)).

Pursuant to the *Anders* mandate, this court has undertaken an independent review of the entire record in this case. Our review demonstrates that the potential issue raised in counsel's *Anders* brief and the sentencing complaints raised in Parra-Lopez's response are undeniably frivolous. Likewise, this court's review of the entire record reveals no other potentially meritorious issues.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge